**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES REPIKA, <br> on behalf of himself and a class, <br>                 Plaintiff, <br>        vs. <br> STEPHENS & MICHAELS ASSOCIATES, INC., <br>                 Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff James Repika brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Stephens & Michaels Associates, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant transacts business within this District.

### PARTIES

5. Plaintiff James Repika is an individual who resides in the Northern

1

District of Illinois.

6. Defendant Stephens & Michaels Associates, Inc. is a New Hampshire corporation with offices at 7 Stiles Road, Salem, NH 03079. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7. Stephens & Michaels Associates, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Stephens & Michaels Associates, Inc. is a debt collector under the FDCPA.

## **FACTS**

9. Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred primarily for personal, family or household purposes and not for business purposes.

10. During August 2009, plaintiff received the following scripted telephone messages from defendant on his voicemail:

    a. First message:

This is an important message for Joel Repika [*sic*]. Please understand this is not a telemarketing call. Joel Repika please call the firm of Stevens and Michael at 866-201-0940 and refer to file number 608200. Our office hours are Monday through Thursday 8.30 am to 8 pm eastern time and Friday from 8.30 am to 5.30 pm. Again this is an important message for Joel Repika. James Repika please call the firm of Stevens and Michael at 866-201-0940 and refer to file number 608200. Thank you. Good bye

    b. Second message:

This is an important message for James Repika. Please understand this is not a telemarketing call. James Repika please call the firm of Stevens and Michael at 866-201-0940 and refer to file number 608200. Our office hours are Monday through Thursday 8.30 am to 8 pm eastern time and Friday from 8.30 am to 5.30 pm. Again this is an important message for James Repika. James Repika please call the firm of Stevens and Michael at 866-201-0940 and refer to file number 608200. Thank you. Good bye

11. The number 866-201-0940 is issued to and answered by defendant.

12. The calls did not state that the calls were for debt collection purposes.

13. On information and belief, defendant has a standard policy and practice of leaving telephone messages that do not state that the call is for collection purposes.

## CLASS ALLEGATIONS

14. This claim is brought on behalf of a class, consisting of (a) all persons (b) with telephone numbers in the 630 area code (c) for whom defendant left voicemail or answering machine messages (d) that did not state that the call was for collection purposes (e) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

15. The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

16. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's calls violates the FDCPA or ICAA.

17. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

18. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of debt collection abuse claims and class actions.

19. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

## VIOLATION ALLEGED

20. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11).

21. Each telephone message was a "communication" within the meaning of 15 U.S.C. §1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

22. The telephone messages violate 15 U.S.C. §§1692e and 1692e(11) because the messages do not contain the warning required by 15 U.S.C. §1692e(11).

23. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other and further relief as the Court deems proper.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                s/Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\23542\Pleading\Complaint_Pleading.wpd